Martha HIGGINBOTHAM, and Joe L. Higginbotham on Behalf of Rodney A. Bryant, Appellants,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.

·No. 84–2117.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1985.

Decided June 26, 1985.

Peggy S. Hedrick, Springfield, Mo., for appellants.

E. Eugene Harrison, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

The issue before us is the relationship between the provision of Title II of the Social Security Act that requires certain offsets to disability benefits, 42 U.S.C. § 424a (1982), and the provision which allows recovery of overpayments to be waived to effectuate the purpose of the Act. *Id.* § 404(b). Martha Higginbotham, acting on her own behalf, and Joe L. Higginbotham, acting on behalf of adopted minor Rodney A. Bryant, challenge the reduction of their back due wife's and child's insurance benefits. They argue that a pri-

or administrative decision waiving recovery of overpayments made to Joe Higginbotham as a result of a failure initially to take into account his receipt of workers' compensation also effectively waived the Social Security Administration's right to apply the offset provision in determinating the amounts to which Mrs. Higginbotham and Bryant were entitled. The district court[1] upheld the benefit reductions ordered by the Social Security Administration Appeals Council, and we affirm.

Joe Higginbotham on December 27, 1977, was awarded social security disability benefits retroactive to June 1, 1976. The order of the administrative law judge specifically stated that, pursuant to section 424a, the amount of benefits was to be offset by the receipt by Higginbotham of any workers' compensation.[2] While Higginbotham thereafter received such compensation, the adjustment to the disability benefits was not initially made, and the Social Security Administration, by letter dated January 2, 1979, notified Higginbotham that it had had to recalculate the amounts to which he had been entitled for the period March 1977 through October 1978. As a result of this recalculation, it had determined that Higginbotham had received overpayments totaling approximately $627. These overpayments were to be recovered by withholding from his March 1979 and April 1979 benefits. Higginbotham sought waiver of the overpayments pursuant to section 404(b).[3]

---

1. The Honorable Russell G. Clark, United States District Judge, then Chief Judge, for the Western District of Missouri.

2. Briefly, the relevant portions of section 424a(a) provide that

> [i]f for any month * * * an individual * * is entitled to benefits under section 423 of this title [i.e., disability benefits], and such individual is entitled for such month to periodic benefits on account of such individual's total or partial disability * * * under a workmen's compensation law or plan of the United States or a State * * *, the total of his benefits under section 423 of this title for such month and of any benefits under section 402 of this title for such month based on his wages and self-employment income [e.g., wife's and

child's benefits] shall be reduced * * * by the amount by which the sum of such total of benefits under sections 423 and 402 of this title for such month, and such periodic benefits payable (and actually paid) for such month to such individual under such laws or plans, exceeds * * * 80 per centum of his "average current earnings."

3. Section 404(b) provides that

> [i]n any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

Meanwhile, on March 29, 1978, Mrs. Higginbotham and Higginbotham on behalf of the minor Bryant had filed for wife's and child's insurance benefits respectively. On January 30, 1980, an administrative law judge issued two orders: The first held that Mrs. Higginbotham and Bryant were entitled to benefits from the date of their petition, while the second held that the overpayment to Higginbotham was without fault by him and that recovery should be waived to avoid defeating the purpose of the Social Security Act by "depriving [Higginbotham] and his family of income needed for ordinary and necessary living expenses." The administrative law judge then on March 28, 1980, amended the former order to give Mrs. Higginbotham and Bryant the benefit of the "protective" filing date of Higginbotham's initial disability petition so that their entitlement to wife's and child's benefits would be based on that date rather than just on the date of their own petition, as generally provided. *See* 42 U.S.C. § 402(b), (d) (1982).

Mrs. Higginbotham and Bryant thus for the first time were held entitled to benefits for the March 1977 through October 1978 period as to which the workers' compensation offset was to apply, and the Social Security Administration, in calculating their back due payments, reduced the benefit amounts in reliance on section 424a(g).[4] The Higginbothams sought reconsideration of these awards on the ground that the Secretary was recovering from the family the overpayments that had been waived as to Higginbotham individually. Following a hearing, a second administrative law judge on September 30, 1982, agreed with the Higginbothams and held that they were entitled to the full back due payments without offset. The Appeals Council, however, on February 3, 1983, reopened the case on its own motion and on September 16, 1983, reversed the administrative law judge.

The Higginbothams then sought judicial review of this adverse determination, *see* 42 U.S.C. § 405(g) (1982), and the district court, on cross-motions for summary judgment, held for the Secretary. The Higginbothams appeal.

As an initial matter, the Higginbothams assert that the Appeals Council was without power to reopen the September 30, 1982, decision of the administrative law judge because it failed to act within the sixty-day period provided by regulation. *See* 20 C.F.R. § 404.969 (1984). The Appeals Council, however, may reopen a case for "good cause" for up to four years. *Munsinger v. Schweiker*, 709 F.2d 1212, 1215 (8th Cir.1983); 20 C.F.R. § 404.988(b) (1984). "Good cause" is defined to include cases where "[t]he evidence that was considered in making the determination or decision clearly shows on its face that an error was made," 20 C.F.R. § 404.989(a)(3) (1984), and we have held that this definition allows reopening for legal error. *Munsinger*, 709 F.2d at 1216. Our only issue thus is whether the district court and the Secretary were correct as a matter of substantive law when they found such error in the September 30, 1982, determination of the administrative law judge as to the proper calculation of the Higginbothams' back due wife's and child's insurance benefits.

It is not disputed that section 424a(g) requires that offsets to disability entitlements, such as that required by Higginbotham's receipt of workers' compensation, be assessed first against supplemental benefits received by the disabled worker or his family. *See* 20 C.F.R. § 404.408(h)(2) & example 2 (1984). The Higginbothams, however, argue that application of that provision to their wife's and child's benefits was barred by the earlier waiver of recovery of overpayments as to Joe Higginbotham. Their error lies in their

---

**4.** Section 424a(g) provides that

[w]henever a reduction in the total of benefits for any month based on an individual's wages and self-employment income is made under this section, each benefit, except the disability insurance benefit, shall first be pro-

portionately decreased, and any excess of such reduction over the sum of all such benefits other than the disability insurance benefits shall then be applied to such disability insurance benefit.

characterization of the reduction of benefits by the Secretary as a recovery of overpayments. Offset of workers' compensation and recovery of overpayments are separate issues. The former goes to determination of the amount of benefits a claimant is *entitled* to receive; the latter goes to whether the claimant will be required to repay excess benefits *already* received. *See* 20 C.F.R. §§ 404.501(a), 404.504 (1984). The Higginbothams cite no statute or regulation giving the administrative law judge the authority to waive offset of workers' compensation in the initial calculation of benefits.

The confusion in this case arises from the relative timing of the application of section 424a: As to Mrs. Higginbotham and Bryant, in contrast to with Higginbotham, the Social Security Administration was aware of the offset and could take it into consideration *before* any benefits had been paid. While the difference between the amounts sought here and the reduced amounts awarded would have been "overpayments" if checks for the larger figure had actually been issued, the Higginbothams, by characterizing this differential as an "overpayment" when no wife's or child's benefits have yet been paid, seek to have the Secretary make knowing excess awards to them. Such a course of action would be contrary to the congressional concern with duplicative benefits expressed in section 424a. *See Munsinger,* 709 F.2d at 1217; *Kananen v. Matthews,* 555 F.2d 667, 670 (8th Cir.) (per curiam), *cert. denied,* 434 U.S. 939, 98 S.Ct. 429, 54 L.Ed.2d 298 (1977). The purposes of the waiver of overpayment provision, to the contrary, are not implicated, since section 404(b) addresses the problem of withholding from *current* benefits as to persons who are dependent upon such benefits to meet ordinary and necessary living expenses. *See* 20 C.F.R. § 404.508 (1984). Here the Higginbothams will continue to receive in full their present monthly payments. Only the accumulated amount of past due benefits is at issue.

The reduced amounts awarded to Mrs. Higginbotham and Bryant are the same amounts to which they would have been entitled had the Social Security Administration initially been able to calculate those and Higginbotham's benefits at the same time and with knowledge of the workers' compensation offset. The family because of the waiver of overpayment to Higginbotham has already received more benefits than to which it was entitled, and it cannot be heard to argue that because such waiver preceded the award on its delayed filing of wife's and child's benefits it must now receive similar overpayments of those benefits. The district court did not err in holding that the decision of the Secretary is supported by substantial evidence. *See* 42 U.S.C. § 405(g) (1982). We affirm.