Sandra **EVERHART**, Thomas Everhart and Myron Zenick, on behalf of themselves and all others similarly situated,

and

Berline Wise and Emil S. Zwiezen, Plaintiffs/Intervenors,

v.

Otis R. **BOWEN**, M.D., Secretary of Health and Human Services, and Dorcas Hardy, Commissioner of the Social Security Administration, in their official capacities, Defendants.

Civ. A. No. 85–Z–2590.

United States District Court, D. Colorado.

Aug. 23, 1988.

Nunc Pro Tunc Nov. 17, 1987.

Linda J. Olson, Eric Solem, Legal Aid Society of Metropolitan Denver, Denver, Colo., for plaintiffs/intervenors.

Chalk S. Mitchell, Asst. U.S. Atty., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

WEINSHIENK, District Judge.

These matters are before the Court on the Social Security appeals of plaintiffs/intervenors Berline Wise and Emil S. Zwiezen. Each appeal raises separate questions involving the interpretation of certain Social Security regulations. Plaintiff/intervenor Zwiezen's appeal involves the inter-

pretation of 20 C.F.R. §§ 404.969 and 404.970. Plaintiff/intervenor Wise's appeal requires a broader review and harmonization of 20 C.F.R. §§ 404.969 and 404.987–404.989. The issues of regulatory interpretation presented in each appeal have engendered considerable discussion and disagreement among the Circuits. Unfortunately, there appears to be no Tenth Circuit case law on either issue, and the issues are such that the Court cannot harmonize the conflicting decisions of the various Circuits. Accordingly, the Court will address the issues presented in each appeal separately, beginning with plaintiff/intervenor Zwiezen. The conclusions incorporate the Court's analysis of the conflicting case law, the purpose of the Social Security Act, and constitutional due process considerations.

## FACTUAL BACKGROUND TO PLAINTIFF/INTERVENOR ZWIEZEN'S APPEAL

Plaintiff/intervenor Zwiezen (hereinafter claimant) is a 75 year old retiree receiving Social Security retirement benefits. He originally applied for benefits in 1977. After being awarded benefits, he later returned to work and reported at least a substantial portion of his earnings in accordance with the applicable Social Security regulations. However, claimant apparently underestimated his expected earnings and received an overpayment notice on April 19, 1984. The total amount of the overpayment was approximately $9,483.87; however, the notice itself stated that the net overpayment was $5107. The reason that the notice stated the lesser amount was because the Secretary applied the so-called "netting" policy pursuant to 20 C.F.R. § 416.538 and Social Security Ruling 81–19a and began underpaying the amount of claimant's benefits to offset the overpayment.[1] The application of this "net-

---

1. The original complaint in this action challenged the validity of the "netting" regulation, 20 C.F.R. § 416.538 and Social Security Ruling 81–19a. In an earlier Order, this Court ruled that the netting regulation was invalid and enjoined the Secretary from applying the "netting" methodology to beneficiaries under Title II and/or Title XVI of the Social Security Act in the state of Colorado. The Tenth Circuit upheld

this Court's ruling that the netting regulation was invalid but remanded the case to this Court for further proceedings on the issue of class certification. *Everhart v. Bowen*, 853 F.2d 1532 (1988).

The parties stipulated that during the pendency of the appeal on the netting issue, the Court could hear the remaining claims which are ad-

ting" policy reduced the overpayment amount to $5107.

Claimant then requested a hearing to determine whether he in fact had been overpaid, the amount of the overpayment, if any, the amount of any underpayment, and whether recovery of the overpayment should be waived pursuant to 20 C.F.R. §§ 404.506 and 404.508. Eventually, an Administrative Law Judge (ALJ) concluded that claimant was without fault in causing the $5,107 overpayment and that recovery of the $5,107 overpayment would defeat the purposes of Title II of the Social Security Act. Record at 13. Accordingly, on May 6, 1985, the ALJ waived recovery of the $5,107 overpayment.

Claimant attained only a partial victory from this ALJ ruling in that the gross overpayment amount was $9,483.87 but the ALJ waived only the net overpayment amount of $5,107. Consequently, on May 30, 1985, claimant filed a timely request for review pursuant to 20 C.F.R. §§ 404.967–404.968, which provides that a claimant may request Appeals Council review of an ALJ decision within 60 days of the date claimant receives notice of its issuance. The narrow issue claimant presented for review was whether he was entitled to a refund of the $4,376.87 which the Secretary had "netted" out earlier.

The Appeals Council took no action relative to claimant's case for approximately the next 16 months. Then, on September 24, 1986, claimant was notified by the Appeals Council that his request for review had been granted but that the Appeals Council was reviewing the entire ALJ decision. Record at 5.

Claimant argued that the Appeals Council's proposal to review the entire ruling violated 20 C.F.R. § 404.969, which permits Appeals Council review of any portion of an ALJ decision within 60 days of the issuance of said decision. Despite the fact that approximately 16 months had elapsed since the ALJ decision, the Appeals Council

undertook *de novo* review of the entire ALJ decision pursuant to 20 C.F.R. § 404.970(a), which imposes no time limitations according to the Secretary. Consequently, on December 19, 1986, the Appeals Council ruled that the application of the "netting" policy was proper and that claimant was at fault in causing his $9483.87 overpayment. Thus, the Appeals Council not only refused to award claimant his alleged $4,376.87 underpayment, but, in addition, overturned the ALJ and ruled that claimant was liable for the $5,107 overpayment.

## LEGAL ANALYSIS

■ The validity of the "netting" policy was the subject of a separate appeal which was recently decided by the 10th Circuit.[2] The question presented in this appeal is whether the Appeals Council possessed jurisdiction to review the entire ALJ decision when it failed to comply with the 60 day notice provision of 20 C.F.R. § 404.969. Stated differently, when a Social Security claimant makes a timely application for review of a limited issue, does the Appeals Council remain obligated to provide notice within 60 days of the ALJ decision of its intention to undertake broader or full review, or can the Appeals Council review, *sua sponte*, questions clearly beyond those framed by the claimant?

This question has generated a split of authority among the three Circuits which have considered it. For the reasons stated below, the Court finds that when a claimant files a timely request for review of a limited issue, the Appeals Council's obligation under 20 C.F.R. § 404.969 to provide notice within 60 days of the ALJ ruling of its intention to undertake broader review is NOT abrogated. If the Appeals Council does not provide the requisite notice, it cannot review issues not raised by claimant. Consequently, the Appeals Council in the case at bar lacked jurisdiction to conduct a full review of the ALJ decision. In so ruling, the Court aligns itself with the

---

dressed in the present ruling. As such, the issues raised in the present ruling are ripe for review. Plaintiffs/intervenors Zwiezen and Wise were both part of this lawsuit challenging

the validity of the netting regulation and Social Security Ruling 81–19a.

**2.** *See supra* note 1.

majority view expressed by the Third and Eleventh Circuits in the well-reasoned opinions of *Powell v. Heckler*, 789 F.2d 176 (3d Cir.1986), *Kennedy v. Bowen*, 814 F.2d 1523 (11th Cir.1987), and *Bivines v. Bowen*, 833 F.2d 293 (11th Cir.1987), and rejects the reasoning of the Seventh Circuit in *DeLong v. Heckler*, 771 F.2d 266 (7th Cir.1985).

Resolution of this question turns upon judicial interpretation of two Social Security regulations, 20 C.F.R. §§ 404.969 and 404.970.[3] The Secretary contends that pursuant to 20 C.F.R. § 404.970, the Appeals Council has authority to review the entire ALJ ruling sixteen months after its issuance because § 404.970 does not contain any time limitation for initiation of review. The Court finds that the Secretary's position is incorrect as a matter of regulatory interpretation, constitutional due process, and public policy.

## REGULATORY INTERPRETATION

Regarding the regulatory interpretation question, statutes and regulations should be construed as a whole and, whenever possible, given a harmonious, comprehensive meaning. *Weinberger v. Hynson, Westcott and Dunning*, 412 U.S. 609, 631–632, 93 S.Ct. 2469, 2484, 37 L.Ed.2d 207 (1973); *McCuin v. Secretary Of Health And Human Services*, 817 F.2d 161, 168 (1st Cir.1987); *Powell v. Heckler*, 789 F.2d at 179. Construing § 404.970 without reference to § 404.969 is improper. The reason that § 404.970 lists no time limitation is because it incorporates by reference the 60 day time limitation for initiating review which is contained in § 404.969.

Section 404.969 is entitled "Appeals Council Initiates Review" while § 404.970 is entitled "Cases the Appeals Council Will Review." The most logical interpretation of the two regulations is that § 404.969 sets out the initial procedural framework of how and when the Appeals Council, on its own motion, can review an ALJ decision. The substantive counterpart to § 404.969 is § 404.970 which sets out the bases upon which the Appeals Council can trigger the review mechanism of § 404.969. Reading the regulations *in pari materia*, the most logical interpretation is that whenever the Appeals Council reviews a ruling pursuant to § 404.970, it is subject to the 60 day notice rule contained in § 404.969. Accepting the Secretary's view in this case would render meaningless the 60 day limit for initiating review which is imposed by § 404.969.[4] *Powell*, 789 F.2d at 179.

In his brief, the Secretary argues that his interpretation is "... reasonable ...

---

**3.** 20 C.F.R. § 404.969 (1986) provides in pertinent part:

Anytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken. If the Appeals Council does review the hearing decision or dismissal, notice of the action will be mailed to all parties at their last known address.

20 C.F.R. § 404.970 (1986) appears immediately after § 404.969 and provides:

(a) The Appeals Council will review a case if
(1) There appears to be an abuse of discretion by the administrative law judge;
(2) There is an error of law;
(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or
(4) There is a broad policy or procedural issue that may affect the general public interest.
(b) If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

**4.** An alternative yet equally plausible interpretation of the 60 day notice requirement set forth in § 404.969 is stated in *Kennedy v. Bowen, supra*. In *Kennedy*, the claimant received a determination that he was entitled to Social Security benefits and then filed an appeal in which he sought review of the limited question of the ALJ's determination of the onset date of his disability. Eleven months after the ALJ decision, the Appeals Council *sua sponte* reviewed the claimant's entire case and issued a decision denying benefits to claimant.

The Eleventh Circuit in *Kennedy* reached the same conclusion as the Third Circuit in *Powell* through a somewhat different line of reasoning. The Court construed § 404.969 together with § 404.973, which addresses the issue of notice that the parties must receive in the event that the Appeals Council decides to review a case, and provides: "when the Appeals Council de-

and is therefore entitled to great deference." Defendant's Answer Brief Regarding Emil S. Zwiezen at 4–5, *Everhart et al. v. Bowen, et al.,* No. 85–Z–2590, *quoting Fierro v. Bowen,* 798 F.2d 1351, 1354 (10th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1602, 94 L.Ed.2d 789 (1987). However, "the deference accorded to an administrative agency's interpretations depends on the extent to which the matters at issue depend peculiarly on the agency's field of expertise." *McCuin v. Secretary Of Health And Human Services,* 817 F.2d 161, 168 (1st Cir.1987); *see also Powell v. Heckler,* 789 F.2d at 179. The questions presented in claimant's appeal involve procedural questions pertaining to notice and fundamental fairness. These issues are *"legal* issues not generally recognized to be within the Secretary's ken and, for obvious reasons, more commonly consigned to the judiciary's 'field of expertise'." *Powell v. Heckler,* 789 F.2d at 179, *citing* 4 K. Davis, *Administrative Law Treatise* §§ 30.09, 30.14 (1958) (emphasis in original). Accordingly, the Court is not required to accord any deference to the Secretary's proposed interpretation of the regulations in question, especially since the proposed interpretation offends basic notions of notice and fundamental fairness embodied in the Social Security Act and the due process clause of the Fifth Amendment.

## DUE PROCESS ANALYSIS

A reviewing Court must construe statutes and regulations to avoid constitutional problems, so long as the judicial construction does not result in an effective rewriting of the language enacted by the legislature or administrative body. *Sedima, S.P. R.L. v. Imrex Co.,* 473 U.S. 479, 493, n. 11, 105 S.Ct. 3275, 3283, n. 11, 87 L.Ed.2d 346 (1985); *Heckler v. Mathews,* 465 U.S. 728, 741–42, 104 S.Ct. 1387, 1396, 79 L.Ed.2d 646 (1984). Moreover, "to protect due process, [a reviewing court] must be particularly vigilant and must hold agencies, such as the Social Security Administration, to a strict adherence to both the letter and the spirit of their own rules and regulations." *Powell v. Heckler,* 789 F.2d at 178. Interpreting §§ 404.969 and 404.970 to require prompt notification by the Appeals Council of an intent to expand the scope of review beyond that requested by the claimant best comports with the notice requirements embodied in the Fifth Amendment. The Secretary's proposed interpretation of the regulations in question raises serious constitutional problems, and must be rejected.

The Court in *Powell* correctly captured the essence of the notice issue:

There is nothing on the face of § 404.969 which absolves the Council of its self-imposed duty to provide timely notification of review simply because the claimant has previously filed for reconsideration.... When the review anticipated by the Council is to be substantially greater than, or entirely different from, that requested, such notice albeit "counter-notice" of a sort, is *neither redundant nor*

cides to review a case, it shall mail notice to all parties at their last known address stating the reasons for the review and *the issues to be considered."* 20 C.F.R. § 404.973 (1986) (emphasis added).

The Court in *Kennedy* held that § 404.973 applied to both claimant-initiated review and Appeals Council own-motion review. That is, under both claimant-initiated and council own-motion review, § 404.973 dictated that the council must state "the reasons for the review and the *issues to be considered."* 814 F.2d at 1527 (emphasis in original). Moreover, the 60 day notice provision of § 404.969 applied such that the Appeals Council had 60 days from the date of an ALJ decision to initiate its own motion review. Overall, then, the Court concluded that the Appeals Council could not use a claimant's request for narrow review as a bootstrap for its own-motion review of the entire decision unless it notified the claimant of such an intention within 60 days of the ALJ decision.

Unlike the Third Circuit in *Powell,* the Eleventh Circuit relied heavily on § 404.973 in reaching its conclusion, holding that "failure to provide the appropriate notice limits the appeals council's authority to expand the scope of review and consider issues not appealed by the claimant in order to upset the claimant's partial success in the tribunal below." *Id.* Although the Eleventh Circuit's interpretation of the regulations in question is reasonable, this Court concludes that the reasoning in *Powell* provides a more appropriate basis for decision. In any event, the result is the same under either line of reasoning.

*superfluous but rises to the level of necessity.*

*Id.*[5] (emphasis supplied). Certainly, if claimant had notice prior to the filing of his limited appeal that the Appeals Council at any point after his filing could expand *sua sponte* the scope of review, then claimant may have thought long and hard about the propriety of filing any appeal, and may have been more content to accept the "half loaf" which the ALJ ruling represented. Due process considerations require that the Social Security Administration fully apprise claimants in advance of the risks associated with filing an appeal.

## POLICY ANALYSIS

The Social Security Act along with the regulations in question are remedial provisions which a reviewing Court must "broad[ly] construe ... and liberally appl[y] in favor of beneficiaries." *McCuin v. Secretary Of Health And Human Services,* 817 F.2d at 174, *citing Cutler v. Weinberger,* 516 F.2d 1282, 1285 (2d Cir. 1975). Interpreting §§ 404.969 and 404.970 to require the Appeals Council to provide timely notice whenever it intends to expand the scope of review is the best means of effectuating this Congressional intent.

In addition, adopting the Secretary's interpretation of the regulations in question may have a chilling effect on a claimant's willingness to appeal ALJ rulings which are only partially favorable. As a result of the Secretary's interpretation, a claimant attaining partial recovery may be chilled from pursuing full recovery on appeal by the prospect that the Appeals Council at some point may expand the scope of review and deny any recovery whatsoever. The chilling effect that adoption of the Secretary's interpretation may have upon claimants' willingness to pursue meritorious appeals runs counter to the spirit and intent of the Social Security Act.

Accordingly, for the reasons set forth herein, the Court finds in favor of claimant in this Social Security appeal.

## FACTUAL BACKGROUND TO PLAINTIFF/INTERVENOR WISE'S APPEAL

Plaintiff/intervenor Berline Wise (hereinafter appellant) applied for a period of disability and disability insurance benefits (SSDI) in February, 1975. In April, 1975, appellant's application was approved and her disability onset date was established as December, 1974. As a result, appellant was granted disability benefits commencing in June 1975. In 1982, the Social Security Administration (SSA) ran a computer check and made a preliminary determination that appellant had been gainfully employed from 1975 through 1979. After further investigation, the SSA made a retroactive termination of appellant's benefits. Then, in February, 1984, the SSA issued an overpayment notice to appellant. The notice stated that the gross overpayment amount was $25,171.10 with a net amount owing of $14,697.10. The SSA arrived at this net figure by applying the "netting" policy discussed earlier.[6]

Appellant sought waiver of the entire overpayment amount of $25,171.10. On January 3, 1986, an ALJ ruled that appellant was without fault in causing the $25,171.10 overpayment and that recovery of the overpayment would defeat the purpose of Title II of the Social Security Act. Record at 17. Accordingly, the ALJ waived recovery of the entire overpayment amount of $25,171.10.

For obvious reasons, appellant did not seek review of the favorable ALJ ruling. However, on April 30, 1986, 107 days after the ALJ decision, the Appeals Council notified appellant in writing that it was reopening her case. Record at 138–140. The

---

5. In *DeLong v. Heckler,* the Seventh Circuit stated that "it would be a quite pointless exercise in shuffling paper for the Council, having received the claimant's notice of appeal within 60 days, to then have to issue its own notice of intent to review the case." 771 F.2d at 268. However, as the Court in *Powell* correctly stated, such coun-

ter-notice is neither "pointless" nor "redundant" but rather is constitutionally required. Accordingly, this Court joins with the *Powell* court in rejecting emphatically the conclusory holding of *DeLong.*

6. *See supra* note 1.

Appeals Council asserted that it possessed authority to reopen the case pursuant to 20 C.F.R. §§ 404.988 and 404.989. Specifically, in its notification, the Appeals Council stated: "In accordance with 20 CFR 404.-988, a decision may be reopened within 4 years after the date of the initial determination for good cause as defined in section 404.989." Record at 138.

■ The Appeals Council reversed the ALJ's decision and concluded that the $25,-171.10 overpayment could not be waived, and that the ALJ's determination that claimant was not at fault was not supported by the evidence of record. Record at 6. Appellant then filed the present appeal which presents the question of whether the Appeals Council has jurisdiction under 20 C.F.R. §§ 404.987–989 to reopen appellant's case and review and reverse the ALJ's decision.

### LEGAL ANALYSIS

In order to determine whether the Appeals Council had jurisdiction to review and reverse the ALJ decision 107 days after its issuance, the Court must construe certain ambiguous regulations, specifically, 20 C.F.R. §§ 404.987, 404.988 and 404.989.[7] The Court must interpret these three regulations in accordance with the 60 day requirement for own-motion review contained in § 404.969 to determine whether the Appeals Council had jurisdiction to review the ALJ's ruling. The precise question presented is whether the reopening provisions of §§ 404.987–989 authorize only reopenings initiated by a claimant, or reopenings by a claimant and the Appeals Council as well. The Secretary argues for the latter interpretation which, if adopted by the Court, would permit the Appeals Council to reopen cases on its own initiative for up to four years after the ALJ decision. However, for the reasons stated herein, the Court rejects the Secretary's interpretation and finds that §§ 404.987–989 permit only claimant-initiated reopenings. As a result, the Appeals Council lacked jurisdiction to reopen appellant's case, *sua sponte*, 107 days after the ALJ decision. As in the *Zwiezen* appeal, this conclusion is based on considerations of proper regulatory construction, constitutional due process, and public policy.

### REGULATORY CONSTRUCTION

Admittedly, construing the regulations at issue in the *Wise* appeal is considerably more difficult than interpreting the regulations at issue in the *Zwiezen* appeal, primarily because the regulations at issue in the present case are poorly drafted. The First Circuit in *McCuin v. Secretary Of Health And Human Services* correctly stated that "there is *no* reading [of §§ 404.-987–989] which would not stretch the language of the regulations to a considerable extent." 817 F.2d at 171 (emphasis in original). The difficulty in construing the regulations in question is best illustrated by

---

7. 20 C.F.R. § 404.987 (1986) provides:
  (a) Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review. However, a determination or a decision made in your case may be re-opened and revised. After we re-open your case, we may revise the earlier determination or decision.
  (b) *Procedure for reopening and revision.* You may ask that a determination or a decision to which you were a party be revised. The conditions under which we will reopen a previous determination or decision are explained in 404.988.
    20 C.F.R. § 404.988 (1986) provides in pertinent part:
  A determination, revised determination, decision, or revised decision may be reopened—

(a) Within 12 months of the date of the notice of the initial determination, for any reason;
(b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case; . . .
20 C.F.R. § 404.989 (1986) provides:
(a) We will find that there is good cause to reopen a determination or decision if—
(1) New and material evidence is furnished;
(2) A clerical error in the computation or recomputation of benefits was made; or
(3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.
(b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.

the split of authority among the circuits which have considered the issue. Four circuits have interpreted §§ 404.987–989 to permit both claimant-initiated and Appeals Council-initiated reopenings, *see Fox v. Bowen,* 835 F.2d 1159, 1162–63 (6th Cir. 1987); *Cieutat v. Bowen,* 824 F.2d 348 (5th Cir.1987); *Zimmerman v. Heckler,* 774 F.2d 615 (4th Cir.1985); *Higginbotham v. Heckler,* 767 F.2d 408 (8th Cir.1985); *Munsinger v. Schweiker,* 709 F.2d 1212 (8th Cir.1983), while at least two and arguably three circuits have interpreted the regulations to permit only claimant-initiated reopenings, *see McCuin v. Secretary Of Health And Human Services,* 817 F.2d 161 (1st Cir.1987); *Butterworth v. Bowen,* 796 F.2d 1379 (11th Cir.1986); *cf. Chrupcala v. Heckler,* 829 F.2d 1269 (3d Cir.1987).

In concluding that §§ 404.987–989 permit only claimant-initiated reopenings, the Court adopts the persuasive reasoning set forth in *McCuin,* 817 F.2d at 167–175.[8] Interpreting §§ 404.987–989 to permit reopening only by Social Security claimants is the best means of harmonizing §§ 404.987–989 with the sixty-day own-motion review provision of § 404.969. If the Court accepted the Secretary's interpretation of § 404.987–989, then the Appeals Council would be permitted to reopen and review ALJ decisions for up to four years after their issuance and, in some cases, longer. This interpretation renders the sixty-day time limit for Appeals Council review provided in § 404.969 "largely illusory." *McCuin, supra* at 170. The court must interpret these related regulations *in pari materia. Id.* at 168. Accordingly, the Court finds that interpreting §§ 404.987–989 to permit reopening only by claimants is the best means of effectuating the full purpose of § 404.969.[9]

The Secretary relies heavily on *Cieutat v. Bowen* to support his construction of the regulations in question. 824 F.2d 348 (5th Cir.1987). For the reasons stated herein, the Court rejects the decision and reasoning in *Cieutat.*[10] As in the *Zwiezen* appeal, the Secretary argues that the Appeals Council's interpretation of its own regulations is "of controlling weight unless it is plainly erroneous or is inconsistent with the regulation." Defendants' Answer Brief Regarding Berline Wise at 4; *see also Cieutat, supra,* at 352.

---

8. The Court in *Munsinger v. Schweiker* correctly identifies certain logical flaws in the *McCuin* Court's interpretation of the regulations which this Court is adopting. 709 F.2d at 1215. Specifically, the *Munsinger* Court pointed out that § 404.988 "contains several conditions upon which a determination can be reopened which one would expect to be raised by the Secretary and not the claimant." *Id.* Consequently, interpreting the regulations to permit only claimant-initiated reopenings raises problems in that it renders certain provisions of § 404.988 ineffective.

Although this Court's interpretation of the regulations is not logically airtight, these poorly-drafted regulations are not capable of a logically airtight interpretation. In fact, the Court in *Butterworth,* 796 F.2d at 1385, acknowledged the logical flaws to which the *Munsinger* court alluded, and nevertheless interpreted the regulations to permit only claimant-initiated reopenings. Similarly, this Court concludes that its interpretation of the regulations in question best accords with basic principles of statutory construction, constitutional due process considerations, and the purposes of the Social Security Act.

9. The Secretary argues in his brief that his interpretation of §§ 404.987–989 does not rob the sixty-day limitation period for own-motion review stated in § 404.969 of its meaning. Defendants' Answer Brief Regarding Berline Wise at 7–8, *citing Cieutat v. Bowen,* 824 F.2d at 354–356. To support his position, the Secretary relies on the distinction between "reopening" and "review." Specifically, according to the Secretary, there is a distinction between the "review" provision of § 404.969 and the "reopening" provision of § 404.988. The Secretary may "review" a case for any reason within sixty days of its issuance. Thereafter, the Secretary may "reopen" a case on his own accord, but only under limited circumstances. This distinction, the Secretary contends, allows § 404.969 to retain its vitality.

This distinction is tenuous at best. In fact, the First Circuit in *McCuin* and the Eleventh Circuit in *Butterworth* explicitly rejected this distinction. *McCuin,* 817 F.2d at 170; *Butterworth,* 796 F.2d at 1389, n. 9. The Court agrees with and adopts the reasoning set forth by these Courts in rejecting this distinction between review and reopening. Looking at the review and reopening regulations together, the argument that reopening is limited, extraordinary and qualitatively distinct from review loses its force. *McCuin, supra.*

10. *See also supra* note 9.

This argument is not persuasive. The issues presented in appellant's case involve questions of regulatory construction, which are *legal* issues consigned to the Court's "field of expertise." *McCuin, supra* at 168; *see also Powell,* 789 F.2d at 179–180. Consequently, for the reasons stated herein and earlier in the context of the *Zwiezen* appeal, the Court is not·required to accord deference to the Secretary's ruling on a question of law, especially when that ruling raises serious constitutional problems.

## DUE PROCESS CONSIDERATIONS

Given the wide array of arguably plausible interpretations of §§ 404.967–969,[11] a reviewing Court should adopt the interpretation which best comports with constitutional requirements of due process. *McCuin,* 817 F.2d at 171. Interpreting the regulations in question to permit review or reopening only by claimants best satisfies constitutional due process requirements.

As the Court in *McCuin* stated, due process in this case embodies principles of notice and finality. *Id.* at 171–174. Regarding the latter concern, the principle of finality is "essential to the maintenance of social order." *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979), *quoting Southern Pacific Railroad Co. v. United States,* 168 U.S. 1, 49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897). Moreover, "the importance of bringing a legal controversy to a conclusion is generally no less when the tribunal is an administrative tribunal than when it is a court." *University of Tennessee v. Elliott,* 478 U.S. 788, 798 n. 6, 106 S.Ct. 3220, 3226 n. 6, 92 L.Ed.2d 635, 646 n. 6 (1986), *quoting* Restatement (Second) Of Judgment § 83 (1982). In the case at bar, accepting the Secretary's interpretation would mean that the Secretary would have the power to reopen cases for up to four years after an ALJ decision and, in some cases, longer. Placing Social Security claimants such as appellant in a state of suspended animation for such long periods of time undermines crucial notions of finality and does not comport with constitutional due process.

The lack of finality which would result from the Secretary's interpretation of §§ 404.987–989 creates additional due process problems of notice. *McCuin,* 817 F.2d at 172–174. That is, if the Court accepted the Secretary's interpretation, it would be virtually impossible to formulate a written document of notice which would fairly and accurately apprise a Social Security claimant of the implications of an ALJ decision. In fact, the notice which accompanied the favorable ALJ decision in appellant's case highlights the nature of the notice problem. The notice contained, *inter alia,* the following paragraph:

> *The Appeals Council may, however, within 60 days from the date shown below [January 3, 1986], review the decision on its own motion (20 CFR 404.-969 and 416.1469).* This could result in a change in the decision. After the 60 day period, the Appeals Council generally may reopen and revise the decision on the basis of new and material evidence, or if a clerical error has been made as to the amount of benefits, or where there is an error as to the decision on the face of the evidence on which it is based (20 CFR 404.988 and 416.1488; 42 CFR 405.750 and 405.1570). The Appeals Council will notify you if it decides to review the decision on its own motion or to reopen and revise it.

Record at 12. (emphasis in original).

The notice is misleading in many respects. The statement that the Appeals Council may "reopen and revise the decision" begs the important question of who may initiate the reopening. Then, the notice makes *no mention of the prospect of claimant-initiated reopening* under § 404.987, even though such reopening is provided in the regulations. *See McCuin,* 817 F.2d at 173. In the present case, this error of omission is not crucial because appellant attained an entirely favorable rul-

---

**11.** For an exhaustive discussion of the various positions which can be taken on the question of who may initiate the reopening procedure de-scribed in §§ 404.987–989, *see McCuin,* 817 F.2d at 169–171.

ing. However, in the large number of cases where claimants attain unfavorable or only partially favorable ALJ rulings, this error is "grounds for invalidating the notice." *Id.* In any event, the misleading and incomplete notice which appellant received illustrates the magnitude of the notice problems. Adopting the Secretary's interpretation would exacerbate these problems. As the *McCuin* court aptly stated:

> Any such notice would be incapable of addressing the basic questions that anyone in a beneficiary's situation would need to have answered ... [such as]: Are the benefits granted or denied? Has a decision been taken or deferred? Can the money be used for other purposes or must it be put aside lest the Appeals Council, four years hence, decide that the ALJ made an error of fact or law?

*Id.* at 174. Thus, adopting the Secretary's interpretation of §§ 404.987–989 raises serious constitutional due process problems. Accordingly, the Court rejects the Secretary's interpretation, and finds that §§ 404.987–989 permit claimants only, such as appellant, to initiate reopening proceedings. As a result, the Court finds that the Secretary and, more precisely, the Appeals Council of the Social Security Administration, lacked jurisdiction to reopen appellant's case and to review and reverse the ALJ decision.

## POLICY CONSIDERATIONS

As stated earlier in the context of the *Zwiezen* appeal, "the Social Security Act, under whose authority the regulations were promulgated, is a remedial statute, to be broadly construed and liberally applied in favor of beneficiaries." *Id.* The Secretary's interpretation of the reopening regulations offends basic notions of fairness and contravenes the spirit of the Social Security Act by placing claimants in a state of limbo for intolerable periods of time. The construction which the Court adopts in this ruling best accords with the goals and policies embodied in the Social Security Act.

## CONCLUSIONS

Accordingly, regarding the appeal of plaintiff/intervenor Emil S. Zwiezen, for the reasons stated herein, it is

ORDERED that the Decision Of Appeals Council, dated December 19, 1986, is reversed and the Decision of the Administrative Law Judge, dated May 6, 1985, is reinstated. It is

FURTHER ORDERED that plaintiff/intervenor Zwiezen's Motion For Remand, filed January 25, 1988, is granted, and the case is remanded to the Secretary for recalculation of the amount of the overpayment and underpayment, and the net amount which the Secretary owes to plaintiff/intervenor Zwiezen. The Secretary shall complete the recalculation by October 31, 1988.

Regarding the appeal of plaintiff/intervenor Berline Wise, for the reasons stated herein, it is

ORDERED that the Decision Of Appeals Council, dated August 13, 1986, is reversed because the Appeals Council lacked jurisdiction on April 30, 1986, to review or reopen plaintiff/intervenor Wise's case and review and reverse the decision of the Administrative Law Judge. It is

FURTHER ORDERED that the decision of the Administrative Law Judge, dated January 3, 1986, is reinstated. It is

FURTHER ORDERED this order constitutes a final judgment under Fed.R.Civ.P. 54(b).