**James E. KENNEDY,
Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary, Department
of Health and Human Services,
Defendant-Appellee.**

No. 86–3184.

United States Court of Appeals,
Eleventh Circuit.

April 20, 1987.

David W. Palmer, Crestview, Fla., for plaintiff-appellant.

Michael P. Finney, Asst. U.S. Atty., Pensacola, Fla., Elyse S. Sharfman, Office of General Counsel, Dept. of Health and Human Services, Atlanta, Ga., for defendant-appellee.

Before RONEY, Chief Judge, EDMONDSON, Circuit Judge, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

This case addresses a disability claimant's right to procedural due process when seeking review of a decision within the Social Security Administration. We hold that when a partially-successful claimant appeals from an administrative law judge's decision, the appeals council must give *notice* of its intent to re-examine issues not challenged by the claimant. Once given notice, the claimant may not object to the council's authority to revisit any aspect of the ALJ's decision. Absent such notice, an

appeals council may not *sua sponte* expand the scope of review and upset a claimant's partially favorable decision by raising an issue that was not appealed.

We find that this notice requirement stems from the regulations and that its observance meets the dictates of due process and fundamental fairness. *Pacific Molasses Co. v. Federal Trade Commission*, 356 F.2d 386 (5th Cir.1966).[1] Accordingly, we reverse the decision of the district court and order the appellant's disability benefits reinstated on the ground that no such notice was afforded in this case.

## I.

James E. Kennedy, age 56, worked as a truck driver until October 5, 1977. Mr. Kennedy ceased work because of a host of physical and mental disabilities. On March 1, 1978, in an effort to get Social Security disability benefits, Mr. Kennedy submitted an application to the administration claiming that he has been disabled since October, 1977. On February 1, 1979, the administration denied his application.

Kennedy filed a second application, this time with the help of counsel, on September 14, 1979. Kennedy again claimed October, 1977 as the onset date of his disability. This application resulted in a hearing before an administrative law judge on August 20, 1981. The ALJ found Kennedy disabled and therefore entitled to benefits but ruled that his disability began in April of 1980. Content with the finding of disability but dissatisfied as to its date of onset, Kennedy sought to appeal in order to again show that his disability began in October of 1977. Kennedy filed a timely request for review as required by the regulations. In his appeal, Kennedy only addressed the issue of the onset date of his disability.

Apparently, the only contact the administration had with Kennedy during the pendency of his appeal was to begin paying him disability benefits. On November 6, 1981, the administration awarded him a lump sum to compensate him retroactively to April of 1980, in addition to initiating his monthly payments. These payments continued for some two and one-half years. Significantly, the administration neglected to inform Kennedy during this time of its intent to challenge the ALJ's disability determination.

On July 21, 1982, eleven months after the ALJ entered its finding of disability, the appeals council rendered its decision without a hearing. Re-visiting *sua sponte* the issue of disability and not merely its onset date, the council expressed its dissatisfaction with the ALJ's underlying finding of disability and remanded the case to a different ALJ for further proceedings.

On November 30, 1982, the new ALJ issued a decision denying Kennedy benefits. This judge placed particular emphasis on Kennedy's alleged failure to cooperate with an examining physician. Apparently, Kennedy had become upset and acted uncooperatively during a psychological examination. On this basis, and independently on his belief that Kennedy was not disabled, this ALJ overturned the first ALJ's finding of disability. Kennedy timely sought review but this time the appeals council disallowed his appeal and the decision became final. On August 5, 1983, Kennedy timely filed an action before the district court which gave rise to this appeal. In July of 1984, Kennedy's benefits were terminated.

## II.

This opinion addresses the issue of what notice, if any, is due in the case of a claimant-initiated appeal when the appeals council intends to revisit an issue decided favorably to the claimant below that the claimant has not challenged on appeal. The importance of such notice is clearly apparent. A partially successful claimant, not given reason to believe that a favorable portion of the decision below is at risk, will direct his or her appeal to that portion of the decision that was unfavorable. Absent a reason to act to the contrary, claimants will not waste time and energy telling an appeals council why a favorable yet unchallenged aspect of a decision should stand. When an appeals council *sua sponte* and

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), this Court adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

without notice expands the scope of its review in this manner the council typically finds the claimant off guard and unprepared. Understandably, the claimant has not tendered evidence in support of the favorable finding nor has the claimant addressed the unanticipated legal issues in his or her brief. Such action not only severely disadvantages the claimant's case, it also works to the detriment of the appeals council. The reliability of a council's decisions is undermined when a council decides an appeal on less than all the relevant evidence and legal arguments as is the case when a council acts in this manner.

Our mere recognition of the advantages of notice in this situation, however, is not authority for the proposition that such notice must be given. Rather, the notice requirement must stem from the Social Security Administration's regulations. Furthermore, this Court is not unmindful of the deference it must give to an administrative agency's interpretation of its regulations. *United States v. Larionoff*, 431 U.S. 864, 872–73, 97 S.Ct. 2150, 2155–56, 53 L.Ed.2d 48 (1977). In reaching our conclusion, we find inherent in our reading of the Social Security regulations the requirement that in the case of a claimant-initiated review the appeals council must give reasonable notice to the claimant of its intent to revisit an issue decided favorably to the claimant below which the claimant is not challenging on appeal. Absent such notice, the appeals council may not *sua sponte* expand the scope of review to the detriment of the claimant. As this notice requirement may be discerned from the regulations, the dictates of due process and fundamental fairness require that the administration follow it.

In recognizing this notice requirement, we acknowledge that we address a relatively novel issue. Two Circuits have approached this question and they are split. In deciding this matter, we align ourselves with the Third Circuit and its well reasoned opinion in *Powell v. Heckler*, 789 F.2d 176 (3rd Cir.1986). In so doing, we reject the reasoning of the Seventh Circuit in *DeLong v. Heckler*, 771 F.2d 266 (7th Cir.1985).

■■■ Turning now to the regulations, we note that the appeals council is the final step in the Social Security Administration's multi-tiered administrative review process.[2] The decision of the appeals council carries the weight of a final decision of the Secretary of Health and Human Services.[3] Typically, review of the Secretary's decisions must come from without the system and in the federal courts.[4]

■■ The administrative law judge's tribunal is one tier below the appeals council in the system of review.[5] There are two ways for an ALJ's decision to come before the appeals council. A claimant may initiate review[6] or the appeals council may decide to review a decision on its own-motion.[7] A decision not reviewed by the council becomes the final decision of the Secretary.[8] The two methods of origin for appeals council review deserve some focus.

Sections 404.967 and 404.968 provide for claimant-initiated review.[9] Summarized as

2. For a concise description of the Social Security administrative review process, *see Stieberger v. Heckler*, 615 F.Supp. 1315, 1324–25 (S.D.N.Y. 1985) *modified in Stieberger v. Bowen*, 801 F.2d 29 (2nd Cir.1986).

3. *See, e.g., Parker v. Bowen*, 788 F.2d 1512, 1516–17 (11th Cir.1986) (en banc).

4. 20 C.F.R. § 404.981 (1986).

5. 20 C.F.R. § 404.929—§ 404.965 (1986).

6. 20 C.F.R. § 404.967 (1986).

7. 20 C.F.R. § 404.969 (1986).

8. 20 C.F.R. § 404.981 (1986).

9. *§ 404.967 Appeals Council review—general.*

 If you or any other party is dissatisfied with the hearing decision or with the dismissal of a hearing request, you may request that the Appeals Council review that action. The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge. The Appeals Council shall notify the parties at their last known address of the action it takes.

 *§ 404.968. How to request Appeals Council review.*

 (a) *Time and place to request Appeals Council review.* You may request Appeals Council review by filing a written request. Any documents or other evidence you wish to have considered by the Appeals Council should be submitted with your request for review. You may file your request—

follows, they allow a dissatisfied claimant to file a written request for review before the appeals council within sixty days of the administrative law judge's decision. Significantly, the council has the discretion to deny the claimant's request, in which case the ALJ's decision becomes binding, or alternatively, to grant the request for review. In either case, the council must notify the claimant of its action.

The other origin of review is when the appeals council decides to hear a case on its own-motion. Section 404.969 describes this method. It provides that:

> Anytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken. If the Appeals Council does review the hearing decision or dismissal, notice of the action will be mailed to all parties at their last known address.

20 C.F.R. § 404.969 (1986).

In conjunction, these regulations illustrate the appeals council's complete control over the review process. In the case of a claimant-initiated review, the council decides whether or not to allow the appeal. Alternatively, when the council wishes to review a case on its own-motion, it has the authority to do so. Furthermore, while there is a limited number of cases which the council is constrained to review, the council exercises unbridled discretion in the overwhelming majority of cases in deciding whether or not to review a case or to allow an appeal.[10]

Turning to the merits, we view that section of the regulations governing notice. Section 404.973 speaks directly to the council's responsibility in this regard. It provides that:

> When the Appeals Council decides to review a case, it shall mail a notice to all

parties at their last known address stating the reasons for the review and *the issues to be considered.*

20 C.F.R. § 404.973 (1986) (emphasis added).

The meaning of § 404.973 is clear. This provision applies in cases of both claimant-initiated and appeals council own-motion review. Under each circumstance, it is beyond question that "the Appeals Council decides to review a case." *Id.* This is so in the case of a claimant-initiated review because once the claimant has sought an appeal, "[t]he appeals council may deny or dismiss the request for review, or it may grant the request...." When the council grants the request, it has in effect "decide[d] to review [the] case." In cases of appeals council own-motion review, the provision also states that the council decides to review the case. The regulation provides that "[a]nytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council may itself *decide* to review the action that was taken...." § 404.969 (1986) (emphasis added).

■ Since in each method for initiating review the appeals council decides to review a case, we find that the plain language of § 404.973 is applicable in both types of cases. Accordingly, the council must abide by the notice requirement by "stating the reasons for the review and the *issues to be considered.*" § 404.973 (emphasis added). Furthermore, we hold that as a correllary of this provision, failure to provide the appropriate notice limits the appeals council's authority to expand the scope of review and consider issues not appealed by the claimant in order to upset the claimant's partial success in the tribunal below.

---

(1) Within 60 days after the date you receive notice of the hearing decision or dismissal (or within the extended time period if we extend the time as provided in paragraph (b) of this section);

\* \* \* \* \* \*

10. *Parker v. Bowen,* 788 F.2d 1512, 1518 (11th Cir.1986) (en banc), *see also Mullen v. Bowen,* 800 F.2d 535 (6th Cir.1986) (en banc); *Deters v. Secretary of Health, Educ. & Welfare,* 789 F.2d

1181, 1184 (5th Cir.1986); *Bauzo v. Bowen,* 803 F.2d 917 (7th Cir.1986); *Fierro v. Bowen,* 798 F.2d 1351, 1354 (10th Cir.1986); *Razey v. Heckler,* 785 F.2d 1426 (9th Cir.1986), *amended* 794 F.2d 1348; *Lopez-Cardona v. Secretary,* 747 F.2d 1081, 1083 (1st Cir.1984); *Baker v. Heckler,* 730 F.2d 1147, 1150 (8th Cir.1984); *Kellough v. Heckler,* 785 F.2d 1147, 1149, n. 2 (4th Cir.1986) *criticizing Parris v. Heckler,* 733 F.2d 324, 325–26 (4th Cir.1984).

In reaching our decision today, we align ourselves with the Third Circuit's holding in *Powell v. Heckler*, 789 F.2d 176 (3rd Cir.1986). We note, however, that in basing our decision directly on § 404.973 of the regulations, our reasoning is somewhat different than the Third Circuit's in *Powell.*

In *Powell*, the Third Circuit extrapolated its notice requirement from § 404.969 which addresses appeals council own-motion review. The Court reasoned that when the council expands its scope of review in a claimant-initiated appeal, this expansion is equivalent to the appeals council's own-motion review of the added issues. As such, the council is not absolved from its usual notice requirement under § 404.-969. *Powell*, 789 F.2d at 178. This reasoning, added to the Court's reading of the regulatory scheme as a whole, led the *Powell* Court to the same result, albeit by a different route, as this Court reaches today.

While we find the *Powell* Court's interpretation of the regulations is a reasonable one, we believe that a more appropriate basis for the decision lies in § 404.973. As stated, the plain language of this provision is applicable in cases of claimant-initiated and own-motion review. Because we find that the general notice requirement of § 404.973 is applicable, we choose to rely on it as the basis of our holding instead of inferring a notice requirement from § 404.-969 which by definition applies in cases of appeals council own-motion review. We note, however, that the result is the same.

Having expressed our decision, we write briefly on the subject of the Seventh Circuit's decision in *DeLong v. Heckler*, 771 F.2d 266 (7th Cir.1985). The *DeLong* Court found the type of notice we consider today to be redundant and therefore unnecessary. According to the Seventh Circuit, since the claimant requests the appeal in the case of a claimant-initiated review, the claimant is aware of the pendency of the appeal and therefore notice from the council is pointless. *DeLong*, 771 F.2d at 268.

We are unable to adopt the Seventh Circuit's reasoning in *DeLong*. Notice of the council's intent to expand the scope of review beyond those issues challenged by the claimant is simply not redundant. While notice may be considered redundant where the council intends to review only those issues challenged by the claimant, such is not the case when the council intends to broaden the scope of review. The *DeLong* Court's ruling promotes the use of the element of surprise and to encourage decisions on less than all the relevant evidence and fewer than all the pertinent legal arguments. We decline to adopt such a practice.[11]

In conclusion, we find the notice requirement of § 404.973 applicable in cases of both claimant-initiated review under § 404.-967 and appeals council own-motion review under § 404.969, and that observance of the notice provision is dictated by due process and fundamental fairness. In this case, as Mr. Kennedy was denied such notice, the appeals council exceeded the scope

---

11. Hypothetically, we can imagine only one set of circumstances under which to accept the *DeLong* Court's redundancy argument. The notice this Court provides for today would be redundant only if in each case the appeals council's role is to re-examine *every* aspect of the case on appeal. In other words, if the council's role was to, in effect, re-try each case then mere notice of the pendency of appeal would be sufficient because a claimant would prepare for an appeal as though it were a re-enactment of the entire ALJ proceeding. This, of course, would require the claimant to re-parade each witness, re-supply all the evidence, and re-state each legal argument made before the ALJ.

We can imagine the devastating effect of such a practice on an already overburdened and backlogged system. Fortunately, the regulations provide for a more workable review pro-

cess. This opinion has examined the appeals council's ability to limit its caseload by declining to review a claimant-initiated appeal. Further, in those cases the council does review, the regulations grant the council the authority to limit the issues on appeal. 20 C.F.R. § 404.-976(a) (1986). Similarly, the type of notice provided for in this opinion works to expedite the review process by focusing the claimant's appeal on those matters concerning the council.

In sum, since the appeals council does not typically intend to re-visit every aspect of a case in the course of its review, it is unfair to expect a claimant to be prepared to completely re-try his or her case without notice. As the redundancy argument made in *DeLong* distorts the realities of the review process, we decline to accept it.

of its authority in re-visiting the underlying issue of disability on appeal. Accordingly, we reverse the decision of the district court and order that Mr. Kennedy's disability benefits be reinstated as of the date of their termination in July of 1984.

REVERSED and REMANDED with instructions.