**Shelia BIVINES, Plaintiff–Appellant,**

**v.**

**Otis R. BOWEN, Secretary of Health and Human Services of the United States, Defendant–Appellee.**

**No. 87–7037.**

United States Court of Appeals, Eleventh Circuit.

Dec. 4, 1987.

Janet P. Cox, Birmingham, Ala., for plaintiff-appellant.

Frank W. Donaldson, U.S. Atty., Jenny L. Smith, Asst. U.S. Atty., Birmingham, Ala., Maire T. Ransley, U.S. Dept. of Health & Human Services, Atlanta, Ga., for defendant-appellee.

Before RONEY, Chief Judge, HATCHETT, Circuit Judge, and HODGES*, Chief District Judge.

HATCHETT, Circuit Judge:

In this social security appeal, we are called upon to determine whether the principle and rationale announced in *Kennedy* *v. Bowen*, 814 F.2d 1523 (11th Cir.1987), apply to a slightly different factual situation. Holding that *Kennedy* applies, we reverse and remand.

On August 21, 1981, in an effort to obtain disability insurance benefits, appellant, Sheila Bivines, submitted an application to the Social Security Administration (Administration), alleging an inability to engage in substantial gainful employment as of June 11, 1978, due to narcolepsy. After her claims were denied at the initial and reconsideration levels, an administrative law judge (ALJ) determined that Bivines suffered from narcolepsy and a psychiatric disorder which prevented the performance of substantial gainful activity. Accordingly, the ALJ found Bivines under a "disability" beginning June 1, 1978. Satisfied with the ALJ's determination as to the onset date of disability, but aggrieved with the fact that her benefits would be retroactive only to August, 1980, Bivines filed a timely application for Appeals Council review. In her appeal, Bivines addressed *only* the issue of whether her cash benefits should have been retroactive to June 11, 1978, the onset date of her disability, rather than the August, 1980, date which had been determined by the Administration.[1]

On February 15, 1984, fifteen months after her initial request, the Appeals Council notified Bivines that her request for review had been granted. Because Bivines had moved, she did not receive notice of the Appeals Council's decision to review her award. Even though Bivines had moved, she did, however, report her changes of address to the Administration and continued to receive notices from lower levels of the Administration which reflect that her changes of address had been acknowledged.

On May 3, 1984, without giving notice to Bivines of its intent to revisit aspects of the ALJ's decision which she had not chal-

---

* Honorable William Terrell Hodges, Chief U.S. District Judge for the Middle District of Florida, sitting by designation.

1. Bivines was unaware of the fact that although a period of disability may be found to have begun years before a claimant submits an application for disability benefits, retroactive benefits are statutorily restricted to twelve months prior to the date on which an application was filed. *See* 20 C.F.R. §§ 404.621(a), 404.622 (1987).

lenged, the Appeals Council revised the substantive portion of the ALJ's decisions. The revision resulted in a finding that Bivines was entitled to an onset date of disability commencing on September 15, 1982, instead of the June, 1978, date the ALJ had determined.

Because Bivines had been in payment status since August, 1980, she had received monthly payments from that date through February, 1983, when the Appeals Council made its decision. Thus, she was found overpaid in that amount. In addition, because her benefit rate was recomputed to reflect the new onset date of disability, September, 1982, her monthly benefits were decreased approximately $200 per month. Bivines was unaware of the Appeals Council's action until she received a letter at her correct address on September 3, 1984, informing her of the overpayment and requesting immediate repayment.[2]

After learning of the Appeals Council's action, Bivines immediately filed an action in the district court. Because the tape recording of the hearing before the ALJ was inaudible, and therefore could not be transcribed, the district court granted the Secretary's motion to remand the case for further consideration.[3] Upon remand, the claim was assigned to a second ALJ for further proceedings. After another full hearing and review of the entire record, the second ALJ issued a decision consistent with that of the first ALJ that Bivines's onset date of disability commenced on June 11, 1978.

The Appeals Council subsequently vacated the findings of the second ALJ and reinstated the prior determination of the Appeals Council that Bivines became disabled on September 15, 1982. Again, Bivines requested district court review. The district court entered an order affirming the decision of the Secretary, from which Bivines now appeals.

The Secretary contends that because Bivines received completely new hearings before a second ALJ and the Appeals Council, these new hearings sufficed to cure the problems caused by the original defects in notice. Consequently, the Secretary argues that our holding in *Kennedy* should not apply.

Our decision in *Kennedy* is dispositive of this appeal. At issue in *Kennedy* was what notice, if any, was due in the case of an appeal initiated by a claimant when the Appeals Council decided to revisit, on its own initiative, an issue decided favorably to the claimant that the claimant had not challenged on appeal. *Kennedy*, 814 F.2d at 1525. In underscoring the importance of notice in a claimant-initiated appeal, we stated:

> A partially successful claimant, not given reason to believe that a favorable portion of the decision below is at risk, will direct his or her appeal to that portion of the decision that was unfavorable. ... When an Appeals Council *sua sponte* and without notice expands the scope of its review in this manner, the Council typically finds the claimant off guard and unprepared. Understandably, the claimant has not tendered evidence in support of the favorable finding nor has the claimant addressed the unanticipated legal issues in his or her brief. Such action not only severely disadvantages the claimant's case, it also works to the detriment of the Appeals Council. The reliability of a council's decisions is undermined when a council decides an appeal on less than all the relevant evidence and legal arguments as is the case when a council acts in this manner.

*Kennedy*, 814 F.2d at 1526.

Applying these principles, we held that where a claimant makes a timely application for review of a limited issue, such as the date of onset of disability, the Appeals

---

**2.** Although the onset date of disability remained at issue, the Appeals Council waived the overpayment of benefits which Bivines received for the period August, 1980, through February, 1983.

**3.** Title 42 U.S.C. § 405(g) (1982) provides, in pertinent part, that "[t]he [district] court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary...."

Council may not on its own initiative undertake a broader review of the ALJ's decision without giving the claimant notice of its intention to do so. *Kennedy*, 814 F.2d at 1527.

In so holding, we acknowledged that "our mere recognition of the advantages of notice in this situation, however, is not authority for the proposition that such notice must be given." *Kennedy*, 814 F.2d at 1526. Rather, we observed that a notice requirement, if any, must have its genesis in the regulations of the Social Security Administration. Moreover, we reiterated the well-established principle that courts must generally accord substantial deference to an administrative agency's interpretation of its own regulations. *Kennedy*, 814 F.2d at 1526; *see also United States v. Larionoff*, 431 U.S. 864, 872–73, 97 S.Ct. 2150, 2155–56, 53 L.Ed.2d 48 (1977); *Powell v. Heckler*, 789 F.2d 176, 178 (3d Cir. 1986). As the Third Circuit noted in *Powell*, however, the deference which we accord administrative agencies is tempered by the fact that our duty to protect due process and fundamental fairness is paramount to the agency's otherwise untrammeled right to implement its self-promulgated procedures. *See Powell*, 789 F.2d at 178; *Kennedy*, 814 F.2d at 1526.

Turning now to the regulations, we note that Bivines sought review of the ALJ's decision pursuant to 20 C.F.R. §§ 404.967 and 404.968.[4] These sections, which provide for claimant-initiated review, allow a dissatisfied claimant to request review before the Appeals Council within sixty days after the decision of the ALJ. These sections further provide that the Council has the discretion to deny the request, to grant the request, to issue a decision, or to remand the case to an ALJ. In either case, the Appeals Council must notify the claimant of its proposed action.

With regard to the notice requirement in section 404.967, we find that section 404.-973 governs the council's responsibility. It provides:

> When the Appeals Council decides to review a case, it shall mail a notice to all parties at their last known address stating the reasons for the review and the *issues to be considered.*

20 C.F.R. § 404.973 (1986) (emphasis added).

As we stated in *Kennedy*, the language of section 404.973 entitles the claimant to notice of the Appeals Council's decision to review the ALJ's determination. Specifically, the Appeals Council must state "the reasons for the review and the *issues to be considered.*" § 404.973 (emphasis added). Therefore, we hold as we did in *Kennedy*, that failure to give the required notice under section 404.973 precludes the Appeals Council from revisiting issues which were beyond those framed by the claimant if the council has not given notice of its intention to do so. *Accord Powell v. Heckler*, 789 F.2d 176 (3d Cir.1986) (holding that the council's responsibility to give notice of its intent to expand review is dictated by 20 C.F.R. § 404.969, which addresses council-initiated review); *contra Delong v. Heckler*, 771 F.2d 266 (7th Cir.1985).

In this case, the first appeals council did not observe the notice requirement of section 404.973 when it revisited the original ALJ's decision with regard to the onset date of disability. Thus, this case is in

---

4. *Section 404.967 Appeals Council Review—General*

If you or any other party is dissatisfied with the hearing decision or with the dismissal of a hearing request, you may request that the Appeals Council review that action. The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge. The Appeals Council shall notify the parties at their last known address of the action it takes.

*Section 404.968 How to Request Appeals Council Review*

*(a) Time and place to request Appeals Council review*

You may request Appeals Council review by filing a written request. Any documents or other evidence you wish to have considered by the Appeals Council should be submitted with your request for review. You may file your request—

(1) Within 60 days after the date you receive notice of the hearing decision or dismissal (or within the extended time period if we extend the time as provided in paragraph (b) of this section)....

essentially the same posture as the appeal in *Kennedy*. Here, as in *Kennedy*, the claimant's case was remanded to a different ALJ for further proceedings after the Appeals Council had exceeded the scope of its authority in reviewing the underlying issue of disability. It is inconsequential that in *Kennedy* the case was remanded because the Appeals Council expressed its dissatisfaction with the ALJ's underlying finding of disability, whereas, in this appeal, the case was remanded because the tape recording of the hearing before the original ALJ was inaudible. Regardless of the reasons for remand, the Appeals Council expanded the scope of its review in this case without giving Bivines proper notice.

Finally, the Secretary argues that any defects in notice have been cured by the fact that Bivines has received a second hearing, a recommended decision by the second ALJ, and a new Appeals Council decision. We are unpersuaded by this assertion. Simply stated, no basis exists in either *Kennedy* or sound judicial policy for adopting such an assertion. If we held as the Secretary suggests, we would in essence abdicate our duty to guard against due process violations by allowing the Administration to insulate itself from judicial review.

In summary, we hold that where a claimant files an application for review pursuant to 20 C.F.R. § 404.967 for review of a limited issue, the Appeals Council may not on its own undertake to revisit issues which the claimant has not challenged, unless it gives the claimant notice of its intent to do so.

Accordingly, the judgment of the district court is reversed and remanded, and the district court is directed to remand the case to the Secretary with instructions to reinstate the decision of the original ALJ in its entirety.

REVERSED AND REMANDED WITH INSTRUCTIONS.