124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome Lance KEENAN, Defendant-Appellant.
 No. 96-10462.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 8, 1997.**
Decided Sept. 15, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CR-N-96-5-HDM; Howard D. McKibben, District Judge, Presiding.
 Before: FLETCHER, BOOCHEVER, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jerome Lance Keenan (Keenan) was indicted for making false statements to government agents curing a criminal investigation and before a grand jury. The jury acquitted Keenan of making false statements before the grand jury, but convicted him of making false statements to the investigating agents. Keenan appeals his conviction to this court. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. The parties are familiar with the facts and, except as necessary, we will not recite them here.
 
 ANALYSIS
 A. Inconsistent Verdicts
 
 3
 Keenan was convicted of count one and acquitted of count two of the superseding indictment. Count one alleged that he had made two false statements to federal agents as follows: (a) he had never heard Joseph Bailie discuss anything to do with explosives or bombings; and (b) Joseph Bailie had been present at the Green Valley Nursery only once, at a time that was several months before an attempted bombing on December 17.
 
 
 4
 Count two of the indictment alleged that Keenan made the following false statement before the grand jury:
 
 
 5
 Q: Have you ever heard Mr. Bailie discuss bombs or explosives?
 
 
 6
 A: I never did.
 
 
 7
 A criminal defendant convicted by a jury on one count cannot attack that conviction as inconsistent with the jury's verdict of acquittal on another count. See United States v. Powell, 469 U.S. 57, 69 (1984) ("the best course to take is simply to insulate jury verdicts from review [on inconsistency grounds] "); United States v. Bracy, 67 F.3d 1421, 1430 (9th Cir.1995) ("an inconsistent jury verdict, without more, is not grounds for reversal").
 
 
 8
 [I]nconsistent verdicts--even verdicts that acquit on a predicate offense while convicting on the compound offense--should not necessarily be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense.
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 [T]he best course to take is simply to insulate jury verdicts from review on this ground. Id. at 68-69.
 
 
 12
 United States v. Hart, 963 F.2d 1278, 1281 (9th Cir.1992) (quoting Powell, 469 U.S. at 65).
 
 
 13
 Keenan argues, however, that his case warrants an exception to this general rule. Such an exception would be based on the premise that juries generally do not render inconsistent verdicts, so if seemingly inconsistent verdicts are susceptible of reconciliation, they should be reconciled to reflect the jury's probable intent.
 
 
 14
 This proposed exception--reconciling seemingly inconsistent verdicts where possible--would swallow the rule. The verdicts in Hart could have been as easily reconciled as they would be here by simply entering a judgment of acquittal for the defendant on the compound offense once he had been acquitted of the predicate offense. We declined to take that step in Hart, and we likewise decline Keenan's invitation to create an exception in his case.
 
 
 15
 B. Variance between indictment and proof at trial
 
 
 16
 Keenan argues that the proof at trial varied from the acts alleged in the indictment in that the indictment specified statements made on December 19, 1993, about "Joseph Bailie," whereas at trial the evidence showed that the interview on that date covered only "Joe Grosso" and "Crazy Joe."
 
 
 17
 "A variance occurs when the evidence offered at trial proves facts that are materially different from those alleged in the indictment." United States v. Olano, 62 F.3d 1180, 1194 (9th Cir.1995). "[A]n indictment must furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defenses...." United States v. Laykin, 886 F.2d 1534, 1542 (9th Cir.1989) (quotation omitted).
 
 
 18
 The jury had ample evidence to conclude that Keenan knew which Joe the investigators were asking about when they referred to Crazy Joe; it also had sufficient evidence to find beyond a reasonable doubt that Crazy Joe was in fact Joseph Bailie. We therefore conclude that the facts alleged in the indictment and those proved at trial did not materially vary.
 
 C. Materiality
 
 19
 In the context of presenting false statements to law enforcement investigators, a statement is material if it has the "propensity to influence agency action; actual influence on agency action is not an element of the crime." United States v. Vaughn, 797 F.2d 1485, 1490 (9th Cir.1986)
 
 
 20
 We review Keenan's claim that insufficient evidence supported the finding of materiality by viewing the evidence in the light most favorable to the government. United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987). We will reverse a conviction only if "no rational trier of fact could have found beyond a reasonable doubt that the defendant committed the offense in question." Vaughn, 797 F.2d at 1489.
 
 
 21
 The jury heard evidence that, contrary to Keenan's statements to investigators, Bailie had long displayed to Keenan and others a strong anti-government bias; that he had purchased urea (a rare fertilizer used to prepare the bomb) from Keenan's nursery; that Bailie had told several people that he planned to make a bomb; and that Bailie admonished Keenan and other nursery regulars that they should watch the 11 o'clock news on December 16. The jury also heard Keenan's statements to investigators that he had never heard Joseph Bailie discuss bombs and that he had not sold fertilizer to Bailie. Given this evidence, a rational trier of fact could find beyond a reasonable doubt that Keenan's statements had the "propensity to influence [the agents'] action[s]." If the agents had believed Keenan that Crazy Joe had not discussed bombs or bought area fertilizer, they might have redirected their investigative energies. The fact that the agents did not believe him, as stated above, is of no consequence. We hold that sufficient evidence supported Keenan's conviction.
 
 D. Prior misdemeanor conviction
 
 22
 At trial, the court permitted the government to introduce evidence that Keenan had previously been convicted of a misdemeanor involving dishonesty or deceit.
 
 
 23
 Keenan argues that the prosecutor committed prosecutorial misconduct when he inquired into Keenan's past conviction.
 
 
 24
 A claim of prosecutorial misconduct must be viewed in the entire context of the trial. Reversal is justified only when such misconduct denies the defendant a fair trial. Even if misconduct occurred, reversal is warranted only if it is more probable than not that the misconduct materially affected the verdict.
 
 
 25
 United States v. Christophe, 833 F.2d 296, 1300-01 (9th Cir.1987) (citation omitted).
 
 1. Eliciting the nature of the offense
 
 26
 Despite Keenan's claim otherwise, the prosecution did no more than what the district court permitted him to do. The court ruled from the bench that "what he pled guilty to was accessory to fraudulently presenting a claim to a public officer. And you can ask him that."[1] The prosecution simply asked what misdemeanor Keenan had committed, Keenan volunteered that he had been accused of falsifying documents, and the prosecutor rephrased the answer with the title of the offense. He did not delve any deeper into the facts of the offense. We therefore hold that the government did not exceed the perimeters laid down by the court regarding questions on the former conviction.
 
 
 27
 2. Misrepresenting the nature of the misdemeanor plea
 
 
 28
 The prosecutor's cross-examination and closing argument may have left the jury with the feeling that Keenan acted dishonestly by pleading guilty to a crime he says he did not commit, or that he lied on the stand when he said that he did not commit that crime. However, we need not decide whether the prosecutor's actions rose to the level of prosecutorial misconduct, as misconduct warrants reversal only "if it is more probable than not that the misconduct materially affected the verdict." Christophe, 833 F.2d at 1300. In this case, the jury was presented with testimony by associates of Keenan that directly contradicted his statements to the law enforcement investigators, in addition to testimony by the agents themselves about Bailie that likewise appeared to contradict Keenan's statements. We hold that, given the entire record, it was not more probable than not that the jury would have acquitted had the prosecutor not mischaracterized Keenan's earlier conviction. Therefore any misconduct was harmless.
 
 
 29
 3. Misrepresenting the nature and level of Keenan's involvement in the prior misdemeanor
 
 
 30
 Finally, Keenan argues that when the prosecutor in closing stated that Keenan had been involved in a "fraudulent deal with a public official," he overstated Keenan's involvement in that crime. Keenan was convicted of accessory to a fraud and Keenan believes that the prosecutor's statement made it seem as if he had been a principal in the fraud. We reject this argument as almost frivolous. During cross-examination the prosecutor stated the nature of the crime as "accessory to fraudulently presenting a claim to a public officer." Moreover, the judgment of conviction, which clearly stated that it was for accessory, was entered into evidence. The prosecution did not misrepresent the nature of the earlier misdemeanor conviction.
 
 CONCLUSION
 
 31
 We AFFIRM Keenan's conviction for making false statements to federal agents.
 
 
 
 **
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a) and 9th Ctr. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir R. 36-3
 
 
 [1]
 In his reply brief, Keenan argues that this ruling expanded the scope of the court's earlier ruling, a ruling that Keenan had relied on before choosing to take the stand. This argument is erroneous in that the court specifically did not rule on whether the government would be permitted to ask about the nature of Keenan's earlier offense until after Keenan's direct examination. Prior to Keenan's taking the stand, the court stated that it would reserve ruling on that exact question until he had a chance to see the cases that supported the government's position. Keenan could have postponed testifying until he heard the court's final ruling on the issue