[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11191
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-00249-MP-GRJ


PAMELA ATKINS,

                                                              Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

                                                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 7, 2015)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Pamela Atkins appeals the district court's order affirming the Commissioner's denial of her applications for disability insurance benefits and supplemental security income.  Unlike most claimants appealing to this Court, Atkins does not raise the issue of whether substantial evidence supports the Commissioner's decision.  Instead, she contends that the district court erred in applying our decision in Kennedy v. Bowen, 814 F.2d 1523 (11th Cir. 1987), and in determining that the doctrine of administrative res judicata does not apply in her case.

I.

In May 2005, Atkins applied for disability insurance benefits and supplemental security income.  The Social Security Administration found that Atkins was not disabled and denied her applications.  Upon Atkins' request, the Social Security Administration reconsidered her applications but again denied them.  Atkins then requested and received a hearing before an administrative law judge (ALJ).  In August 2007, the ALJ issued a partially favorable decision determining that Atkins was disabled from December 31, 2003 until June 2, 2006.  Atkins asked the Appeals Council to review the ALJ's finding that her disability ceased on June 2, 2006, and the Appeals Council denied that request in October 2009.

2

In December 2009, Atkins filed a complaint in the district court. She sought review of the ALJ's finding that her disability ceased on June 2, 2006, and requested that any remand from the district court "specifically limit the ALJ's decision to the time period on appeal" (namely, the time period beginning on June 3, 2006). In response, the Commissioner moved to remand the action "for a de novo hearing" under sentence six of 42 U.S.C. § 405(g) because significant portions of the recording of the hearing could not be transcribed.[1] Atkins did not oppose the Commissioner's motion. In March 2010, the district court remanded Atkins' case "under sentence six for further proceedings by the Appeals Council."

In May 2010, the Appeals Council vacated the Commissioner's final decision and remanded the case to the ALJ. Consistent with the district court's remand order, the Appeals Council directed the ALJ to "take any further action needed to complete the administrative record and issue a new decision."[2] After conducting a new administrative hearing, the ALJ issued a decision in December 2010 determining that Atkins was not disabled for any period of time.

---

[1] Sentence six of § 405(g) gives a federal court the power to remand an application for benefits to the Commissioner for the taking of additional evidence upon a showing "that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

[2] Under 20 C.F.R. § 404.983, when a district court remands a claimant's case to the Commissioner, the Appeals Council may make a decision, or it may remand the case to an ALJ with instructions either to take action and issue a decision or to return the case to the Appeals Council with a recommended decision.

3

Atkins filed exceptions to the ALJ's December 2010 decision.[3]  The Appeals Council remanded the case on the grounds that the unfavorable December 2010 decision did not address the partially favorable August 2007 decision or explain why a different outcome was justified on the same record.  The Appeals Council ordered the case to be assigned to a different ALJ for a third administrative hearing, during which Atkins would be able to submit additional or updated evidence for the ALJ's consideration.  In July 2012, a different ALJ issued a decision concluding that Atkins was not disabled for any period of time.  Atkins filed exceptions to the ALJ's July 2012 decision, to no avail.

Atkins then appealed to the district court, arguing that the Appeals Council had denied her procedural due process by impermissibly directing reexamination of an issue she did not raise — namely, whether she was disabled from December 31, 2003 until June 2, 2006 — without first giving her notice.  Atkins also argued that the doctrine of administrative res judicata barred the Appeals Council from permitting an ALJ to review the August 2007 finding that she was disabled from December 31, 2003 until June 2, 2006.  A magistrate judge issued a report and recommendation rejecting Atkins' arguments and recommending that the Commissioner's decision be affirmed.  Atkins did not object to the magistrate

---

[3] See 20 C.F.R. § 404.984(b).

judge's report and recommendation, and the district court adopted it and affirmed the Commissioner's decision.  This is Atkins' appeal.

## II.

Whether the Appeals Council denied Atkins procedural due process and whether administrative res judicata applies in Atkins' case are questions of law that we review de novo.  See Crawford & Co. v. Apfel, 235 F.3d 1298, 1302 (11th Cir. 2000).  The fact that Atkins did not object to the magistrate judge's report and recommendation does not bar her from challenging the magistrate judge's legal conclusions, nor does it limit the scope of our review of those conclusions.  See Dupree v. Warden, 715 F.3d 1295, 1299–1300 (11th Cir. 2013).

Atkins argues that the Appeals Council's May 2010 remand order violated her procedural due process rights by directing reexamination of an issue she did not raise without providing the notice required under our decision in Kennedy v. Bowen, 814 F.2d 1523 (11th Cir. 1987).  Kennedy held that, where a claimant seeks review of a limited issue (in that case, the date of onset of disability), the Appeals Council may not on its own initiative expand the scope of its review beyond that limited issue without first giving the claimant notice of its intent to do so.  Id. at 1527.  But Kennedy and its progeny are grounded in the specific notice requirement of 20 C.F.R. § 404.973, which applies when the Appeals Council itself is reviewing the claimant's case.  See id. at 1526–28 (explaining that "the notice

5

requirement must stem from the Social Security Administration's regulations" and that 20 C.F.R. § 404.973 establishes the notice requirement for when the Appeals Council decides to review a case in a claimant-initiated appeal); Bivines v. Bowen, 833 F.2d 293, 295–97 (11th Cir. 1987) (confirming that "a notice requirement . . . must have its genesis in the regulations of the Social Security Administration"); see also Baker v. Sullivan, 880 F.2d 319, 320–21 (11th Cir. 1989) (holding that Kennedy's notice requirement applies when the Appeals Council reviews a case on remand from the district court).  That regulation provides that, "[w]hen the Appeals Council decides to review a case, it shall mail a notice to all parties at their last known address stating the reasons for the review and the issues to be considered."  20 C.F.R. § 404.973.  Its specific notice requirement does not apply in a case like this one, where the Appeals Council complies with the district court's remand order and remands the case to the ALJ for a de novo hearing.  Instead, this case is governed by 20 C.F.R. § 404.983, which provides that, "[i]f the case is remanded by the Appeals Council" to the ALJ, "[a]ny issues relating to [the claimant's] claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in [the claimant's] case."  (Emphasis added.)  The district court correctly concluded that Kennedy's notice requirement does not apply here.

6

In any event, Atkins' lack-of-notice argument fails in light of the record, which establishes that she did have notice. In March 2010, the Commissioner moved to remand Atkins' case for a de novo hearing under sentence six of 42 U.S.C. § 405(g). Atkins did not oppose the Commissioner's motion or request (as she had done in her complaint) that the district court's remand order specifically limit the ALJ's decision to the time period beginning on June 3, 2006. Based on the Commissioner's unopposed motion, the district court remanded Atkins' case "for further proceedings by the Appeals Council" and in no way limited the scope of the remand. Because Atkins consented to the Commissioner's motion to remand the case for a de novo hearing, she was on notice that she would get a de novo hearing. Similarly, in its second remand order, the Appeals Council specifically provided that Atkins would be able to submit additional or updated evidence for the ALJ's consideration. In light of that remand order, Atkins cannot claim that the Appeals Council caught her "off-guard and unprepared," or that the second ALJ determined that she was not disabled for any period of time without considering "all the relevant evidence and legal arguments." Kennedy, 814 F.2d at 1526.

Atkins' administrative res judicata argument also fails. Administrative res judicata applies when the agency has "made a previous determination or decision . . . about [a claimant's] rights on the same facts and on the same issue or

issues, and [that] previous determination or decision [has] become final by either administrative or judicial action."  20 C.F.R. § 404.957(c)(1); see Cash v. Barnhart, 327 F.3d 1252, 1254–55 (11th Cir. 2003).  Although Atkins did not challenge the first ALJ's determination that she was disabled from December 31, 2003 until June 2, 2006, the ALJ's decision never became final because the Appeals Council vacated it in May 2010.  Cf. Quarles v. Sager, 687 F.2d 344, 346 (11th Cir. 1982) ("Claim preclusion does not apply in this case.  The judgment of the district court was vacated; thus, no final judgment on the merits exists."); United States v. Lacey, 982 F.2d 410, 412 (10th Cir. 1992) ("A judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel.  The same is true, of course, of a judgment vacated by a trial court.") (quotation marks omitted); Social Security Admin., Program Operations Manual System (POMS), GN 03106.036 Court Remand Orders, https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited November 3, 2014) ("[A district] court order vacating the [Commissioner's] prior decision and remanding the case to the Commissioner voids the prior decision . . . and thus returns the case to the status of a claim 'pending' before the [Social Security Administration].").[4]  The ALJs properly declined to give res judicata effect to the August 2007 decision during later hearings.

---

[4] We attach a copy of the internet material cited as an appendix to this opinion.

8

**AFFIRMED.**

APPENDIX

# Social Security

Official Social Security Website

MENU

## Program Operations Manual System (POMS)

**TN 9 (05-02)**

# GN 03106.036 Court Remand Orders

### Citations:

20 CFR §§ 404.953, 404.955, 404.983, 404.984, 416.1453, 416.1455, 416.1483, 416.1484

## A. DEFINITION

A "court remand" is a court order returning a claim to the Commissioner for further action.

**NOTE:** A district court order remanding a case to the Commissioner for payment of benefits is *not* a remand order requiring the Commissioner to further develop the record or hold a hearing. It is an order reversing the final decision of the Commissioner and requires payment of benefits. See GN 03106.050. However, a court order vacating the prior decision and remanding the case to the Commissioner voids the prior decision (e.g., ALJ/AAJ (administrative appeals judge) decision, and thus returns the case to the status of a claim "pending" before SSA.)

## B. PROCESS

### 1. Court May Issue Remand Order

#### a. Under Sentence 4 of § 205(g) of the Social Security Act

A court may issue a remand order under sentence 4 of § 205(g) of the Social Security Act, (a.k.a. a sentence 4 remand) if the court decides, with or without comments from either the claimant or SSA, that additional development and/or the evaluation of evidence is needed to make a decision in the case; or

#### b. Under Sentence 6 of § 205(g) of the Social Security Act

A court may issue a remand order under sentence 6 of § 205(g) of the Social Security Act (a.k.a.

a sentence 6 remand):

- At SSA's request with a showing of good cause prior to answering the complaint; or

- If new and material evidence is submitted to the court with a showing of good cause for not incorporating the evidence into the record in the prior proceeding.

The court retains jurisdiction over those cases remanded under sentence 6. This means that after the administrative proceedings on remand have been finished by SSA, SSA must file a copy of the new final decision with the court. In cases where the new final decision of the Commissioner is either partially favorable or unfavorable to the claimant an administrative record must be filed with the court. The administrative record must include a transcript of all testimony taken at an hearing(s) before an ALJ as well as any additional testimony taken at supplemental hearing(s). Also, any additional evidence developed in connection with the new decision must be included.

## 2. Routing of the Court Remand Order

OGC forwards a copy of the court's remand order to ODAR, Office of Appellate Operations (OAO) for action by the Appeals Council (AC).

**NOTE**: The Office of Acquiescence and Litigation Coordination does not generally receive copies of any remand orders and cannot provide copies to effectuating components.

## 3. AC Action on Remand

Upon receipt of the court remand order, ODAR, OAO will obtain the folder for AC review. The AC may:

- Assume jurisdiction and issue a decision; or

- Remand the case to an ALJ for further proceedings and a new decision.

**NOTE**: If SSA files an appeal of a remand order in court, however, the AC suspends all action until the court has issued a final decision on appeal.

# C. PROCEDURE

## 1. ODAR Folder Acquisition

Upon receipt of the remand order, ODAR, by telephone or administrative message, requests that the custodian of the claim folder(s) send it directly to:

*ODAR, Office of Appellate Operations*
*5107 Leesburg Pike*
*Falls Church, VA 22041-3200*

**NOTE**: If the remand order was entered after an answer to the complaint was filed and ODAR cannot locate the claim folder in a timely fashion, ODAR, OAO will request a copy of the administrative record from OGC to process the court case on remand.

## 2. ALJ Actions

The ALJ processes the case in the same way as a regular hearing case and issues a decision. (The AC may direct an ALJ to issue a recommended decision in a court remand, or the ALJ may elect to issue a recommended decision.)

## 3. ALJ Decisions

### a. ALJ Decisions in a Court Remand

An ALJ decision in a court remand may be:

- Fully favorable to the claimant;
- Partially favorable to the claimant; or
- Unfavorable to the claimant.

Generally, an ALJ may not dismiss a court remand case. Except in certain limited situations, (for example, the claimant is deceased in a title XVI only claim and there is no eligible spouse or the claimant requests that the hearing request be dismissed) if the ALJ cannot hold a hearing, the ALJ must issue a decision on the record.

### b. ALJ Decision Becomes Final Decision of the Commissioner

The ALJ's decision issued after a court remand will become the final decision of the Commissioner unless within 30 days after receipt of the ALJ decision, the parties submit:

- Written exceptions to the AC objecting to the ALJ's decision; or
- A written request for an extension of time to file exceptions, and, based on these exceptions, the AC assumes jurisdiction of the case.

The ALJ decision will also become the final decision of the Commissioner unless the AC decides to assume jurisdiction of the case within 60 days after the date of the ALJ's decision.

## 4. AC Actions

If the Appeals Council assumes jurisdiction, it may:

- Affirm; or

- Modify, or

- Reverse the ALJ's decision.

The AC decision then becomes the final decision of the Commissioner.

The AC may instead remand the case again to an ALJ for further proceedings.

---

*To Link to this section - Use this URL:*

http://policy.ssa.gov/poms.nsf/lnx/0203106036

*GN 03106.036 - Court Remand Orders - 07/19/2012*

*Batch run: 07/20/2012*

*Rev:07/19/2012*