[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11496
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cv-00534-WTH-PRL

DEBRA E. MILAM,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 16, 2018)

Before JILL PRYOR, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Debra Milam appeals the district court's order affirming the Commissioner of Social Security's decision denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Milam contends that the administrative law judge ("ALJ") was precluded from finding an onset date that was later than the date it had found previously, and that the ALJ's doing so violated her procedural due process rights. After careful consideration, we disagree and affirm the district court's order in favor of the Commissioner.

I.

In June 2006, Milam filed applications for DIB and SSI, alleging a disability that had commenced on February 1, 2006. Her applications were denied. Milam requested a hearing before an ALJ. Following the hearing, the ALJ found that Milam was not disabled. Milam sought review by the Appeals Council, and the Appeals Council denied her request. Milam filed a complaint against the Commissioner in federal district court. The Commissioner moved to remand the case to the ALJ for further proceedings because the recording of Milam's administrative hearing was inaudible. The district court granted the motion.

The ALJ held a second hearing in September 2011, after which it again found that Milam was not disabled. Milam sought review by the Appeals Council. This time, the Appeals Council remanded Milam's case to the ALJ for further consideration of the evidence and another hearing. Following a third hearing,

which was held in January 2013, an ALJ concluded that Milam was disabled beginning on July 2, 2010.

Milam filed a complaint against the Commissioner in federal district court, arguing that the ALJ erred in determining that her onset date was July 2, 2010, rather than an earlier date.[1]  A magistrate determined that the ALJ had failed to discuss relevant medical evidence pre-dating July 2, 2010.  Accordingly, the magistrate recommended remanding the case to the ALJ with instructions to "[r]eevaluate the evidence of record, especially evidence pre-dating July 2, 2010, and reconsider whether [Milam] became disabled on that date or on some other date."  Doc. 18-22 at 46.[2]  Milam did not object.  The district court adopted the magistrate's recommendation and remanded the case for administrative proceedings consistent with the magistrate's recommendation.  Based on the district court's order, the Appeals Council vacated the previous decision of the Commissioner and remanded to an ALJ for further proceedings "consistent with the order of the court."  *Id.* at 49.

A fourth hearing was held.  Following the hearing, the ALJ determined that Milam was disabled beginning on March 26, 2014—nearly four years later than the onset date the ALJ had found previously.  The Appeals Council declined to review

---

[1] Milam did not seek review by the Appeals Council, but the Commissioner reopened the case pursuant to an unopposed motion.

[2] Citations to "Doc. #" refer to the numbered entries on the district court docket.

3

the ALJ's determination.  Milam filed a complaint in federal district court.  The magistrate determined that the ALJ had committed no error.  The district court adopted the magistrate's recommendation over Milam's objections.  This is Milam's appeal.

## II.

Whether *res judicata* barred the ALJ's onset date finding and whether Milam's procedural due process rights were violated are questions of law we review *de novo*. *See Crawford & Co. v. Apfel*, 235 F.3d 1298, 1302 (11th Cir. 2000).  As we explain below, neither of Milam's arguments has merit.

Milam argues that *res judicata* barred the ALJ from finding that her onset date was March 26, 2014, because the ALJ had previously determined Milam's onset date was July 2, 2010.  We disagree.  *Res judicata* applies to an agency order when the agency has "made a previous determination or decision . . . about [a claimant's] rights on the same facts and on the same issue or issues, and [that] previous determination or decision has become final by either administrative or judicial action."  20 C.F.R. § 404.957(c)(1) (2017).  An order that has been vacated, however, does not have preclusive effect.  *Cf. Quarles v. Sager*, 687 F.2d 344, 346 (11th Cir. 1982) ("The judgment of the district court was vacated; thus, no final judgment on the merits exists.").

4

Here, *res judicata* does not apply because the Appeals Council vacated the ALJ's order containing the July 2, 2010 onset date.  And, contrary to Milam's argument, the district court did not direct the Appeals Council to remand the case to the ALJ for a limited purpose.  Further, when the Appeals Council vacated the ALJ's order, it did not preserve any portion of the ALJ's findings.  The ALJ, therefore, was not precluded from reconsidering Milam's onset date.

Milam also argues that due process and fundamental fairness prevented the ALJ from finding an onset date later than it had found previously.  Again, we disagree.  In *Kennedy v. Bowen*, we held that where a claimant seeks review of a limited issue, the Appeals Council may not expand the scope of review beyond that issue without providing the claimant notice.  814 F.2d 1523, 1524-25 (11th Cir. 1987).  In that case, the ALJ granted Kennedy benefits as of a particular onset date. *Id.* at 1525.  "Content with the finding of disability but dissatisfied as to its date of onset," Kennedy sought the review of the Appeals Council to show that his disability had begun on an earlier date. *Id.*  Without providing notice to Kennedy, the Appeals Council *sua sponte* decided to revisit whether Kennedy was disabled.  The Appeals Council then remanded the case to an ALJ, who denied benefits.  We concluded that "the [Social Security] regulations and . . . the dictates of due process and fundamental fairness" required notice to the claimant before the

5

Appeals Council could "expand the scope of review and upset a claimant's partially favorable decision by raising an issue that was not appealed." *Id*.

*Kennedy* does not help Milam, however, because the regulation that we held required notice in that case, 20 C.F.R. § 404.973, does not apply here. Cases in which the Appeals Council remands a case to an ALJ for a *de novo* hearing in compliance with a federal court order—like this one—are governed by 20 C.F.R. § 404.983. That regulation provides:

> When a Federal court remands a case to the Commissioner for further consideration, the Appeals Council, acting on behalf of the Commissioner . . . may remand the case to an [ALJ]. . . . If the case is remanded by the Appeals Council, [a]ny issues relating to [the] claim may be considered by the [ALJ] whether or not they were raised in the administrative proceedings.

20 C.F.R. § 404.983 (2015). This provision does not contain the notice requirement we interpreted in *Kennedy*. *See* 814 F.2d at 1527-28.

To the extent Milam argues that procedural due process otherwise required the Appeals Council to give her notice that onset dates prior to July 2, 2010 would be considered, we disagree. Milam had notice that her onset date would be considered because she specifically filed a complaint in federal court requesting review of that date. And, contrary to Milam's argument, the district court did not limit the scope of the Commissioner's review on remand. Although it instructed the ALJ to "[r]eevaluate the evidence of record, especially evidence pre-dating July 2, 2010," it also stated that the Commissioner should "reconsider whether

6

[Milam] became disabled on that date or on some other date." Doc. 18-22 at 46. Having specifically sought review of her onset date, Milam cannot now argue that she lacked notice such review would take place. We thus reject Milam's argument that her procedural due process rights were violated.[3]

III.

For the reasons set forth above, we affirm the district court's order and the Commissioner's decision.

**AFFIRMED.**

---

[3] To the extent Milam also challenges whether the March 26, 2014 date was supported by substantial evidence, that issue is waived because Milam fails to address it adequately in her brief. *See N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir.1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").